IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAEKYUNG ANNE HAN, a Washington resident,<br><br>Plaintiff,<br><br>vs.<br><br>SIMON PROPERTY GROUP, INC., a Delaware corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff, Haekyung Anne Han, by and through her attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.   OVERVIEW

1. The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. A retail store is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

3. ADA accessibility laws and regulations were enacted over 27 years go to protect persons with mobility and other disabilities.

4. Defendant discriminates against individuals with disabilities because Defendant leases a property as a place of public accommodation that does not comply with ADA laws and regulations.

5. Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant Simon Property Group, Inc. against persons with mobility disabilities.

## II.   PARTIES

6. Plaintiff Haekyung Anne Han is a Washington resident and resides in this district.

7. Ms. Han is limited in the major life activity of walking and uses a wheelchair for mobility, and thus requires accessible parking to patronize the businesses at Defendant's property at and around 401 NE Northgate Way in Seattle (the "Property").

8. Simon Property Group, Inc. is a Delaware corporation.

9. C T Corporation System at 711 Capitol Way S. Ste 204, Olympia, WA 98501 is the registered agent for Simon Property Group, Inc.

## III.   JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

11. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

Complaint for Declaratory and Injunctive Relief
Page 2 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

courts jurisdiction over actions to secure civil rights under Acts of Congress.

12. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

13. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.   FACTUAL ALLEGATIONS

14. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

15. Defendant's Property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

16. The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, … failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities …"

17. Furthermore, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-

Complaint for Declaratory and Injunctive Relief
Page 3 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

sufficiency for such individuals..." *Id*.

18. Title III of the ADA requires that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

### Plaintiff

19. Ms. Han is a Seattle, Washington resident who travels throughout the Seattle area on a regular basis and most recently patronized Defendant's Property in 2018.

20. Ms. Han is limited in the major life activity of walking and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

21. Ms. Han plans to return to the Property once accessibility barriers are addressed.

### Defendant's Property

22. Ms. Han used her wheelchair and automobile, albeit at personal risk due to existing accessibility barriers, to visit the Property.

23. Ms. Han does not feel safe accessing the property as is due to the current accessibility barriers.

24. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 2010 ADA Standards for Accessible Design ("2010 Standards").

25. While visiting the Property Ms. Han fell and was injured as a result of Defendant's failture to comply with ADA accessibility laws and regulations.

26. At Defendant's parking lots at the Property there are several accessible parking spaces outside of the Macy's entrance.

Complaint for Declaratory and Injunctive Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

27. Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards.

28. A regular accessible space shall be at least 96 inches wide and served by an access aisle at least 60 inches wide. §§ 502.2 and 502.3.1 of the 2010 Standards.

29. Accessible parking around the Macy's store does not comply with ADA standards and compliance with the ADA standards is not an undue burden on Defendant.

30. On the north side of the Macy's store, there are four accessible parking spaces, and all are marked as "van accessible."

31. None of these "van accessible" parking spaces on the north side of the Macy's store are at least 132 inches wide and three are not served by an access aisle of at least 60 inches.

32. On the south side of the Macy's store, there are three accessible parking spaces, and all are marked as "van accessible."

33. None of these "van accessible" parking spaces on the south side of the Macy's store are at least 132 inches wide.

34. None of these "van accessible" parking spaces on the south side of the Macy's store are served by an access aisle of 96 inches.

35. Ms. Han requires compliant van-accessible parking and compliant accessible routes in order to safely patronize the tenants of Defendant's property using her vehicle and wheelchair.

**Efforts to Resolve Informally**

36. There is no requrement that any efforts be made to informally resolve ADA accessibility issues at a place of public acomodation.

Complaint for Declaratory and Injunctive Relief
Page 5 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

37. Netherthless, Ms. Han's attorney provided voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter to Simon Property Group, Inc. via registered agent dated March 13, 2019.

38. As of the filing of this complaint, Ms. Han's attorney received no contact or response from Simon Property Group, Inc.

39. As of the filing of this complaint no alterations have been made to address the accessibility barriers.

40. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

41. The failure of Simon Property Group, Inc. to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from the property.

## V.   FIRST CAUSE OF ACTION
**Title III of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

42. Ms. Han incorporates by reference the allegations in the paragraphs above.

43. Ms. Han is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

44. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

**Complaint for Declaratory and Injunctive Relief**
**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

45. Defendant Simon Property Group, Inc. owns or leases the property where the Macy's business is located.

46. The Macy's location is a retail store and therefore a place of public accommodation. 42 U.S.C. § 12181(7).

47. Defendant has discriminated against Plaintiff on the basis of her disability.

48. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

   e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

49. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

50. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. Han, and the harm continues.

51. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Han to declaratory and injunctive relief. 42 U.S.C. § 12188.

52. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Han to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI. SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

53. Ms. Han incorporates by reference the allegations in the paragraphs above.

54. Ms. Han is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

55. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  this right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

56. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

57. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

Complaint for Declaratory and Injunctive Relief
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

58. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Ms. Han has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

59. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. Han the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

60. Ms. Han has a clear legal right to access the tenants of Defendant's property under the Washington Law Against Discrimination.

61. Ms. Han has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

62. Defendant's property does not comply with ADA accessibility laws and regulations.

63. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

64. Pursuant to RCW § 49.60.030(2), Ms. Han is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

### VII.    PRAYER FOR RELIEF

Complaint for Declaratory and Injunctive Relief
Page 9 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558

WHEREFORE, Ms. Han respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant Simon Property Group, Inc. to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Han reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Han for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED this 1st day of April, 2018

By:

s/ Michael Terasaki
Michael Terasaki
WSBA# 51923
terasaki@wacda.com
(206) 971-1124

s/ Conrad Reynoldson
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45TH ST, SUITE G, SEATTLE, WA 98105
*Attorneys for Plaintiff Haekyung Anne Han*

**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558